[J-79-2014] [MO: Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| IN THE INTEREST OF: D.C.D., MINOR | : No. 56 MAP 2014 |
| | : |
| | : Appeal from from the order of the Superior |
| APPEAL OF: CLINTON COUNTY | : Court dated April 23, 2014 at No. 1484 |
| CHILDREN AND YOUTH SERVICES | : MDA 2013 which reversed the Decree of |
| | : the Clinton County Court of Common |
| | : Pleas, Orphans Division, dated July 23, |
| | : 2013 at No. 12-2012. |
| | : |
| | : SUBMITTED: July 29, 2014 |

## CONCURRING OPINION

**MR. JUSTICE EAKIN**                                    **DECIDED: December 15, 2014**

I agree with the majority's reversal of the Superior Court's decision and reinstatement of the trial court's termination of father's parental rights. I write separately solely to distance myself from the majority's examination of other possible remedies when faced with an agency that fails to provide reasonable efforts to reunite child and parent.

Neither § 2511 of the Adoption Act[1] nor § 6531 of the Juvenile Act[2] preclude a court from ordering the termination of parental rights where a child-welfare agency fails to provide reasonable efforts to promote reunification. Incorporating a reasonable-efforts requirement at the termination-of-parental-rights stage would do nothing more than improperly punish children, as their placement in foster care would be unjustly lengthened solely as a result of an agency's deficiencies. Thus, I agree with the

---

[1] 23 Pa.C.S. § 2511.

[2] 42 Pa.C.S. § 6351.

majority's conclusion that it is erroneous to refuse a properly proven termination-of-parental-rights petition based on the failure to employ reasonable reunification efforts. I further agree the trial court here did not abuse its discretion in terminating father's parental rights.

Notably, this Court granted review to consider whether an agency's lack of reasonable efforts requires reversal of an otherwise-established termination petition. Yet, after determining faults of an agency do not inhibit termination — thereby deciding the issue we granted — the majority elaborates further by describing potential remedies or financial penalties that courts might impose against agencies neglecting to make reasonable efforts and follow court orders and permanency goals. See Majority Slip Op., at 23-24. In my view, the majority's discussion, particularly as to federal reimbursements and federal funding available to child-welfare services, serves only as dictum; it is inapposite to the instant case and beyond the scope of the issues we granted. Thus, I concur.

Mr. Justice Stevens joins this concurring opinion.